IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No.  12-cr-00106-MSK

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

**v.**

1.   **KIZZY KALU and**
2.   **PHILIP LANGERMAN,**

      **Defendants.**

---

# INDICTMENT

**18 U.S.C. § 1341 [Commercial Carrier/Mail Fraud]**
**18 U.S.C. § 1546 [Visa Fraud]**
**18 U.S.C. § 1589 [Forced Labor]**
**18 U.S.C. § 1594 [Attempted Forced Labor]**
**18 U.S.C. § 1590 [Trafficking in Forced Labor]**
**18 U.S.C. § 1956 [Money Laundering]**
**18 U.S.C. § 2 [Aiding and Abetting]**
**18 U.S.C. § 982 [Criminal Forfeiture]**

---

The Grand Jury charges:

## COUNT 1
### Commercial Carrier Fraud

1.     At all times relevant to the Indictment, the Defendants KIZZY KALU and

PHILIP LANGERMAN, devised and intended to devise a scheme for obtaining money

by means of false and fraudulent pretenses and representations (hereinafter referred to

as "scheme") and did aid and abet each other in devising said scheme.  The scheme

involved PHILIP LANGERMAN and KIZZY KALU making false representations to

foreign nationals, to the State of Colorado, to the United States of America and to others

for the purpose of obtaining money by means of false and fraudulent pretenses and representations.

      a.     A purpose of the scheme was to obtain the apparent lawful presence in the United States of foreign nationals which would make up a labor supply to entities controlled by KIZZY KALU.  The foreign nationals' purported lawful presence in the United States was obtained by material false and fraudulent representations of KIZZY KALU and PHILIP LANGERMAN which included representations concerning the purpose of the foreign nationals' presence in the United States.  After the foreign nationals' presence was obtained, KIZZY KALU used methods of coercion, including the threat of causing their deportation, to obtain their labor at various long term care/s in Colorado, and elsewhere.  The scheme involved KIZZY KALU supplying the foreign nationals labor and services to such long term care/s for a fee, from which KIZZY KALU paid as wages a portion to the foreign nationals as employees of entities he controlled.  The scheme involved KIZZY KALU controlling the labor and services of the foreign nationals under threat of deportation, if they did not comply.

      b.     PHILIP LANGERMAN made and caused to be made representations that an educational institution by the name of Adam University,[11]

---

[11]     Adam University, Inc. was incorporated in the State of Colorado on November 11, 2004. Its Articles of Incorporation listed Philip D. Langerman, PhD as one of the directors.   Its registered agent was listed as Danny T. Langerman, 7600 E. Arapahoe Road, Suite 319, Englewood, Colorado.  During times relevant to the indictment, Adam University represented itself to be located on the campus of Teiko Loretto Heights University, 3001 South Federal Boulevard, Denver, Colorado.

located in Denver, Colorado, was (1) a bona fide institution of higher education;[22]

(2) was in need of professional instructors with expertise in the area of nursing;

and (3) that foreign nationals would be employed by Adam University as nurse

instructors/supervisors, which were considered to be "specialty occupations"

under United States immigration regulations, if given permission to enter the

United States under the authority of H-1B visas.[33]   These representations were

materially false.

---

[22]     In December 2004 Philip Langerman represented to the State of Colorado that Adam University was an institution of higher education, when in fact Adam University had no students, no professors or teachers and no bona fide curriculum. These false representations caused the State of Colorado to issue a probationary authorization on January 10, 2005, that Adam University could deliver degree programs within the State of Colorado.  These false representations and falsely obtained status permitted Adam University to submit an unlimited number of applications for H-1B specialty occupation visas under U.S. regulations.  By being classified as an institution of higher education, Adam University was not constrained by the limitation on the number of foreign employment based visas it could seek to obtain on behalf of foreign nationals. The representations made to the United States concerning the services provided by Adam University, the educational curriculum of Adam University and the need for foreign nationals to teach at Adam University in Denver, Colorado were all materially false.

[33]     In order for a foreign national to lawfully enter the United States, he or she must be in possession of a valid visa.  Such visas come in various forms, for various purposes and permit entry for varying time periods.  Most visas do not permit a foreign national to be employed while in the United States.  One visa which does authorize employment is a H-1B visa.  The H-1B visa program is a program which permits an employer to petition on behalf of a foreign national for permission of that national to enter the United States for the specific purpose of working for the employer.  In order to accomplish this, an I-129 petition is the vehicle used by an employer to petition for an alien to come to the U.S. as an H-1B non-immigrant worker to perform services in a specialty occupation under section 101(a)(15)(H)(i)(b) of the Immigration and Nationality Act (the "Act"). A specialty occupation is one that requires the theoretical and practical application of a body of highly specialized knowledge to perform fully. It requires the attainment of a bachelor's or higher degree in a specific specialty, or its equivalent, as a minimum for entry into the occupation in the U.S. Specialty occupations include, but are not limited to computer professionals, engineers, accountants, financial analysts, management consultants, attorneys, business executives, university professors and teachers, and scientists and researchers.

H-1B visas are only issued by the United States to a foreign national beneficiary after a petition for such is made by an employer in the United States for a particular foreign national to come to the United States to work for the employer in a particular specialty occupation under the Act.

c.      The scheme involved Foreign Healthcare Professional Group (hereinafter FHPG),[1] a company operated by KIZZY KALU, agreeing with Adam University to facilitate the recruitment of foreign nationals to be employed by Adam University as teaching professionals and supervisors in the field of nursing. KIZZY KALU knew Adam University was an educational institution in name only and was not in need of any instructors in nursing.

d.      The scheme involved KIZZY KALU making representations to foreign nationals who accessed the FHPG website or who communicated with him via the internet or telephonically.  His representations included that FHPG could assist foreign nationals in obtaining lawful permission to enter and be employed in the United States.  It was also represented that FHGP could assist foreign nationals already in the United States to obtain lawful permission to remain in the United States by obtaining visas permitting them to be employed in the United States.  KIZZY KALU made false representations regarding the services offered

---

[1]     The Articles of Organization of Foreign Healthcare Professionals Group, LLC, were filed with the Colorado Secretary of State on July 7, 2007.  Its principal office was listed as being located at 5630 E. Wickerdale Lane, Highlands Ranch, Colorado.  It registered agent was listed as Pricilla Kalu.

Kizzy Kalu had previously formed the limited liability corporation (LLC) named US Advanced Educational and Training for Foreign Healthcare Professional Group, LLC. (AETFHPG).  The Articles of Organization were filed with the Colorado Secretary of State on April 28, 2006.  Its principal office address was listed as 5630 East Wickerdale Lane, Highlands Ranch, Colorado.  Kizzy Kalu filed the Articles but the person forming the entity is listed as Health Care Professional Group, LLC.   Kizzy Kalu claimed in a petition for a H-1B visa for Andrea Villanueva filed with the United States government that AETFHPG was a Colorado Corporation, formed in 2006, and that he was the CEO [see count 40 below].  A similarly named entity, Advanced Education for Healthcare Professionals, filed Articles of Incorporation for a Nonprofit Corporation on February 27, 2008.  The Articles listed the business address as 5630 East Wickerdale Lane, Highlands Ranch, Colorado, the incorporators as Pricilla Kalu, Nicole Kalu and Kerry Kalu.  Pricilla Kalu is the mother of Kizzy Kalu.  Nicole Kalu is the wife of Kizzy Kalu.

by FHPG.  Some of the materially false representations made to the foreign nationals by KIZZY KALU were:

i.      That FHPG had a business relationship with Adam University, Denver Colorado in which FHPG would agree to recruit nursing instructors/ supervisors who would provide instruction at Adam University in Denver, Colorado.

ii.     That Adam University was a bona fide institution of higher education and had a curriculum which included nursing education and a continuing education program in nursing.

iii.    That FHPG had the authority to recruit and hire nurse instructors/supervisors on behalf of Adam University.  The recruiting process included KIZZY KALU and FHPG obtaining information from foreign nationals which enabled Adam University to petition the United States government on their behalf.  The petition process resulted in the foreign national obtaining an H-1B visa.  The visa authorized the foreign national to work in a specialty occupation only for Adam University.

iv.     That KIZZY KALU and FHPG had the authority to offer employment at Adam University to foreign nationals at a salary of between $68,000 and $72,000 annually.

e.      The scheme involved the foreign nationals paying fees to FHPG and KIZZY KALU in exchange for assistance in obtaining H-1B visas.  These payments were made based upon the materially false representations of KIZZY KALU and PHILIP LANGERMAN.

    f.      The scheme involved KIZZY KALU knowing many of the

representations made to the foreign nationals were materially false.  Among the

falsehoods were: (a) Adam University was not a bona fide institution of higher

education in that it had no curriculum, no students and no professors or

instructors; (b) that the foreign nationals would not be employed by Adam

University but by FHPG at long term care/s which would pay FHPG for their labor;

(c) that the foreign nationals would not work in the specialty occupations for which

the petitions were made to the United States government by Adam University or

by AETFHPG (see fn. 4); (d) that the foreign nationals would not be paid between

$68,000-$72,000 by the petitioner-employer.

    g.      The scheme involved FHPG and KIZZY KALU promising the

foreign nationals who paid the fees that they would be employed by Adam

University as nurse instructors/supervisors.

    h.      The scheme involved the submission by Adam University of Labor

Condition Applications (LCA) and Petitions for Nonimmigrant Workers (forms I-

129) to the United States government,[55] which are steps preliminary to the

---

[55]      Approval of an H-1B visa requires two steps of the prospective employer.  First, the
employer must obtain a Labor Condition Application (LCA) from the U.S. Department of Labor
(DOL).  The labor certification process is generally designed to assure that the admission of
foreign workers to work in the United States on a permanent or temporary basis will not
adversely affect the job opportunities, wages and working conditions of American workers.  The
employer, often with the assistance of an attorney, files the application electronically on Form
ETA-9035E.  By signing the LCA, the employer agrees to undertake all the obligations set out in
the LCA and its accompanying instructions.  Such obligations include but are not limited to that
the workers will either be paid the higher of either what the employer pays to other individuals
with similar experience or qualification for the specific employment or the prevailing wage for the
occupational classification for the area of intended employment and an attestation that
employment of the foreign worker will not adversely affect the working conditions of workers
similarly employed.

       After the LCA is approved, the employer must submit a visa petition to U.S. Department
of Homeland Security, Citizenship and Immigration Services (USCIS).  The I-129 must be

issuance of H-1B visas to foreign nationals.  It was part of the scheme that these submissions by Adam University and PHILIP LANGERMAN contained materially false information.

i.      The scheme involved foreign nationals who had been recruited by KIZZY KALU arriving in Denver, Colorado and being told there were no nurse instructor/supervisor positions at Adam University and being directed to work in occupations which were not the specialty occupations as had been represented to the United States by PHILIP LANGERMAN and Adam University, or as promised the foreign nationals by FHPG and KIZZY KALU.

j.      The scheme involved some of the foreign nationals who were enticed into coming to the United States by the scheme being employed by FHPG and/or AETFHP and working as nurses in long term care/s in Colorado.  It was a part of the scheme that KIZZY KALU acting as a representative of FHPG contracted with a number of entities which were in the business of operating and managing long term care/nursing homes in Colorado.  FHPG contracted with to provide nurses to work in such facilities.   All of the nurses provided by FHPG were foreign nationals.  FHPG and/or AETFHP would submit time sheets for its employees to the long term care/nursing homes and submit billings for the hours worked.

---

accompanied by proof of an approved LCA.  Supporting documentation, such as a detailed statement by the employer in support of the petition, may accompany the petition. As a part of the application process, the beneficiary, if a foreign national worker residing outside the United States, must attend an in-person interview at the Department of State.  This interview is generally at the United States Embassy or Consulate in the home country of the foreign national.  Once the visa is approved, the foreign worker may enter the United States and work in the specialty occupation for the designated employer as described in the LCA and I-129.

k.      The scheme involved FHPG being paid by the long term care/s where the foreign nationals worked.  The employers would pay FHPG for providing the foreign nationals as workers.  In exchange FHPG would be the employer of the foreign nationals and be responsible for all employer-employee issues.  FHPG paid the foreign national a rate of pay amounting to approximately 65 percent of the amounts the employers paid to FHPG and less than fifty percent of what had been promised them by FHPG and less than fifty percent of what Adam University represented to the United States would be their rate of pay.

l.      The scheme involved FHPG contracting with Automatic Data Processing, Inc. (ADP) for ADP to provide accounting services to FHPG in administering payments to its employees, including the foreign nationals employed as nurses at long term care/nursing homes.  KIZZY KALU submitted or caused to be submitted hours for its foreign national employees based upon time sheets or logs received from long term care/nursing homes where the FHPG nurses worked.  This information would be submitted to ADP via the internet from a computer located at FHPG's business office, which was the residence of KIZZY KALU, 5630 East Wickerdale Lane, Highlands Ranch, Colorado.  The information would be processed by ADP which would make an automatic withdrawal from a FHPG bank account.  The funds withdrawn would be based upon information provided by FHPG and KIZZY KALU regarding the hourly rates of pay, number of hours worked, tax withholdings, tax payments and any other employee withholdings.  Payroll funds would then be transmitted by ADP to the FHPG nurse employees either by payroll check or automatic deposit.

m.      The scheme involved FHPG and KIZZY KALU making payments to Adam University and PHILIP LANGERMAN.

n.      The scheme involved KIZZY KALU terminating the contracts between long term care/nursing homes and FHPG to provide nurses but requiring the foreign national nurses to continue or to seek employment at long term care/nursing homes and pay FHPG a monthly fee.

o.      The scheme involved KIZZY KALU threatening to give notice to the USCIS of Adam University's withdrawal of the H-1B visa issued to some of the foreign nationals if they did not follow his directions, including to work as staff nurses in long term care/nursing homes and pay a portion of their income to FHPG.

1.      In the Spring of 2008, Philippine national Mareinne C[2] contacted KIZZY KALU after viewing the FHPG website by calling him at the telephone number listed on the website.  Among the representations made, KIZZY KALU offered Mareinne C employment as a nurse instructor/supervisor with Adam University conditioned upon his successful application for a H-1B visa.  This caused her to agree to pay money to FHPG for the purpose of facilitating the obtaining an H-1B visa for her benefit.

2.      On or about May 12, 2008, within the State and District of Colorado and elsewhere, KIZZY KALU, having devised and having intended to devise the aforementioned scheme and PHILIP LANGERMAN, having aided and abetted such, for the purpose of executing the scheme, did knowingly cause to be deposited with and

---

[2]      The Grand Jury knows the full names of the foreign nationals who were victimized by the scheme described in this indictment.  In order to safeguard the identity of those individuals under federal law and at the same time to identify them herein with particularity and individuality, references to those individuals herein are to their first name followed by an initial.

9

cause to be sent and delivered by a commercial interstate carrier, according to the directions thereon a bank draft in the amount of $4, 680.00 drawn on the Bank of the Philippine Islands payable to Foreign Healthcare Professionals Group from Mareinne C, in violation of Title 18, United States Code, Section 1341 and Section 2.

## COUNT 2
## Mail/Commercial Carrier Fraud

3.      The allegations contained in paragraphs 1 and 2 are realleged and incorporated by reference herein.

4.      Between on or about June 16 and August 25, 2008, within the State and District of Colorado and elsewhere, KIZZY KALU, having devised and having intended to devise the aforementioned scheme, and PHILIP LANGERMAN, having aided and abetted such, for the purpose of executing the scheme, did knowingly cause to be deposited with and cause to be sent and delivered by a commercial interstate carrier or by the United States Postal Service, according to the directions thereon, documentation from Adam University on behalf of Mareinne C in support of a Form I-129 Petition to a law firm located in Florida hired by FHPG and KIZZY KALU to assist in the petition process (hereinafter "the Law Firm"), and from there to the United States Department of Homeland Security in California, in violation of Title 18, United States Code, Section 1341 and Section 2.

## COUNT 3
## Commercial Carrier Fraud

5.      The allegations contained in paragraphs 1 and 2 are realleged and incorporated by reference herein.

6.      On or about September 5, 2008, within the State and District of Colorado and elsewhere, KIZZY KALU, having devised and having intended to devise the aforementioned scheme, and PHILIP LANGERMAN, having aided and abetted such, for the purpose of executing the scheme, did knowingly cause to be deposited with and cause to be sent and delivered by a commercial interstate carrier according to the directions thereon documentation from FHPG in Highlands Ranch, Colorado to Mareinne C in the Philippines in furtherance of her application for an H-1B visa, in violation of Title 18, United States Code, Sections 1341 and 2.

## COUNT 4
## Mail Fraud

7.      The allegations contained in paragraphs 1 and 2 are realleged and incorporated by reference herein.

8.      On or about May 21, 2010, within the State and District of Colorado and elsewhere, KIZZY KALU, having devised and having intended to devise the aforementioned scheme, and PHILIP LANGERMAN, having aided and abetted such, for the purpose of executing the scheme, did knowingly deposit and cause to be deposited with and cause to be sent and delivered by the United States Postal Service, according to the directions thereon documentation to the United States Department of Homeland Security, a Notice for the Withdrawal of the H-1B Petition on behalf of beneficiary Mareinne C by Adam University, in violation of Title 18, United States Code, Sections 1341 and 2.

## COUNT 5
## Commercial Carrier Fraud

9.      The allegations contained in paragraphs 1 are realleged and incorporated by reference herein.

10.      In the Spring of 2008, Philippine national Gemma F contacted KIZZY KALU after viewing the FHPG website by calling him at the telephone number listed on the website.  KIZZY KALU offered Gemma F employment as a nurse instructor/supervisor with Adam University conditioned upon his successful application for an H-1B visa.

11.      On or about August 21, 2008, within the State and District of Colorado and elsewhere, KIZZY KALU, having devised and having intended to devise the aforementioned scheme, and PHILIP LANGERMAN, having aided and abetted such, for the purpose of executing the scheme, did knowingly cause to be deposited with and cause to be sent and delivered by a commercial interstate carrier, Federal Express, according to the directions thereon a bank draft or cashier's check in the amount of $6,500.00 drawn on the Philippine National Bank payable to Foreign Healthcare Professionals Group from Gemma F, in violation of Title 18, United States Code, Sections 1341 and 2.

## COUNT 6
## Mail/Commercial Carrier Fraud

12.      The allegations contained in paragraph 1 are realleged and incorporated by reference herein.

13.      On or about October 29 and November 13, 2008, within the State and District of Colorado and elsewhere, KIZZY KALU, having devised and having intended

to devise the aforementioned scheme, and PHILIP LANGERMAN, having aided and

abetted such, for the purpose of executing the scheme, did knowingly cause to be

deposited with and cause to be sent delivered by a commercial interstate carrier or by

the United States Postal Service, according to the directions thereon, documentation

from Adam University on behalf of Gemma F in support of a Form I-129 Petition to the

Law Firm, and from there to the United States Department of Homeland Security in

California,  in violation of Title 18, Sections 1341 and 2.

## COUNT 7
### Mail Fraud

14.     The allegations contained in paragraph 1 are realleged and incorporated

by reference herein.

15.     On or about May 21, 2010, within the State and District of Colorado and

elsewhere, KIZZY KALU, having devised and having intended to devise the

aforementioned scheme, and PHILIP LANGERMAN, having aided and abetted such, for

the purpose of executing the scheme, did knowingly deposit and cause to be deposited

with and cause to be sent and delivered by the United States Postal Service, according

to the directions thereon documentation to the United States Department of Homeland

Security, a Notice for the Withdrawal of the H-1B Petition on behalf of beneficiary

Gemma F by Adam University, in violation of Title 18, United States Code, Sections

1341 and 2.

## COUNT 8
### Mail/Commercial Carrier Fraud

16.     The allegations contained in paragraph 1 are realleged and incorporated

by reference herein.

17.     Between on or about June 16 and August 22, 2008, within the State and District of Colorado and elsewhere, KIZZY KALU, having devised and having intended to devise the aforementioned scheme, and PHILIP LANGERMAN, having aided and abetted such, for the purpose of executing the scheme, did knowingly cause to be deposited with and cause to be sent and delivered by a commercial interstate carrier or by the United States Postal Service, according to the directions thereon, documentation from Adam University on behalf of Ma Lourdes F in support of a Form I-129 Petition to the Law Firm, and from there to the United States Department of Homeland Security in California, in violation of Title 18, Sections 1341 and 2.

## COUNT 9
## Commercial Carrier Fraud

18.     The allegations contained in paragraph 1 are realleged and incorporated by reference herein.

19.     On or about September 11, 2008, within the State and District of Colorado and elsewhere, KIZZY KALU, having devised and having intended to devise the aforementioned scheme, and PHILIP LANGERMAN, having aided and abetted such, for the purpose of executing the scheme, did knowingly cause to be deposited with and cause to be sent and delivered by a commercial interstate carrier to "Kizzy Kalu, Advance Education & Training, 5630 E Wickerdale Ln, Littleton, CO 80130," documentation from USCIS and the Law Firm relating to the approval of a Form I-129 Petition on behalf of Ma Lourdes F, in violation of Title 18, Sections 1341 and 2.

**COUNT 10**
**Mail Fraud**

20.     The allegations contained in paragraph 1 are realleged and incorporated by reference herein.

21.     On or about September 21, 2009, within the State and District of Colorado and elsewhere, KIZZY KALU, having devised and having intended to devise the aforementioned scheme, and PHILIP LANGERMAN, having aided and abetted such, for the purpose of executing the scheme, did knowingly deposit and cause to be deposited with and cause to be sent and delivered by the United States Postal Service, according to the directions thereon documentation to the United States Department of Homeland Security, a Notice for the Withdrawal of the H-1B Petition on behalf of beneficiary Ma Lourdes F by Adam University, in violation of Title 18, United States Code, Sections 1341 and 2.

**COUNT 11**
**Mail/Commercial Carrier Fraud**

22.     The allegations contained in paragraphs 1 are realleged and incorporated by reference herein.

23.     Between on or about June 16 and August 12, 2008, within the State and District of Colorado and elsewhere, KIZZY KALU, having devised and having intended to devise the aforementioned scheme, and PHILIP LANGERMAN, having aided and abetted such, for the purpose of executing the scheme, did knowingly cause to be deposited with and cause to be sent and delivered by a commercial interstate carrier or by the United States Postal Service, according to the directions thereon, documentation from Adam University on behalf of Eric G in support of a Form I-129 Petition to the Law

Firm, and from there to the United States Department of Homeland Security in California, in violation of Title 18, United States Code, Sections 1341 and 2.

## COUNT 12
## Mail Fraud

24.     The allegations contained in paragraph 1 are realleged and incorporated by reference herein.

25.     On or about March 24, 2010, within the State and District of Colorado and elsewhere, KIZZY KALU, having devised and having intended to devise the aforementioned scheme, and PHILIP LANGERMAN, having aided and abetted such, for the purpose of executing the scheme, did knowingly deposit and cause to be deposited with and cause to be sent and delivered by the United States Postal Service, according to the directions thereon documentation to the United States Department of Homeland Security, a Notice for the Withdrawal of the H-1B Petition on behalf of beneficiary Eric G by Adam University, in violation of Title 18, United States Code, Sections 1341 and 2.

## COUNT 13
## Commercial Carrier Fraud

26.     The allegations contained in paragraphs 1 are realleged and incorporated by reference herein.

27.     In the Spring of 2008, Philippine national Mary Ann G contacted KIZZY KALU after viewing the FHPG website by calling him at the telephone number listed on the website.  After numerous telephone conversations and the exchange of emails, KIZZY KALU offered Mary Ann G employment as a nurse instructor/supervisor with Adam University conditioned upon his successful application for a H-1B visa.

28.     Between on or about April 24 and May 2, 2008, within the State and District of Colorado and elsewhere, KIZZY KALU, having devised and having intended to devise the aforementioned scheme, and PHILIP LANGERMAN, having aided and abetted such, for the purpose of executing the scheme, did knowingly cause to be deposited with and cause to be sent and delivered by a commercial interstate carrier, according to the directions thereon, a bank draft in the amount of $6,500.00 drawn on the Bank of the Philippine Islands payable to Foreign Healthcare Professionals Group from Mary Ann G, in violation of Title 18, United States Code, Sections 1341 and 2.

## COUNT 14
## Mail/Commercial Carrier Fraud

29.     The allegations contained in paragraph 1 are realleged and incorporated by reference herein.

30.     Between on or about June 16 and August 12, 2008, within the State and District of Colorado and elsewhere, KIZZY KALU, having devised and having intended to devise the aforementioned scheme, and PHILIP LANGERMAN, having aided and abetted such, for the purpose of executing the scheme, did knowingly cause to be deposited with and cause to be sent and delivered by a commercial interstate carrier or by the United States Postal Service, according to the directions thereon, documentation from Adam University on behalf of Evelyn H in support of a Form I-129 Petition to the Law Firm, and from there to the United States Department of Homeland Security in California, in violation of Title 18, United States Code, Sections 1341 and 2.

## COUNT 15
## Commercial Carrier Fraud

31.     The allegations contained in paragraphs 1 are realleged and incorporated by reference herein.

32.     In the Spring of 2008, Philippine national Sheila I contacted KIZZY KALU after viewing the FHPG website by calling him at the telephone number listed on the website KIZZY KALU offered Sheila I employment as a nurse instructor/supervisor with Adam University conditioned upon her successful application for a H-1B visa.

33.     Between on or about May 5, 2008 and May 12, 2008, within the State and District of Colorado and elsewhere, KIZZY KALU, having devised and having intended to devise the aforementioned scheme and PHILIP LANGERMAN, having aided and abetted such, for the purpose of executing the scheme, did knowingly cause to be deposited with and cause to be sent and delivered by a commercial interstate carrier in interstate and foreign commerce, according to the directions thereon a bank draft in the amount of $4,680.00 payable to Foreign Healthcare Professionals Group on behalf of Sheila I, in violation of Title 18, United States Code, Sections 1341 and 2.

## COUNT 16
## Mail/Commercial Carrier Fraud

34.     The allegations contained in paragraph 1are realleged and incorporated by reference herein.

35.     Between on or about June 16 and August 12, 2008, within the State and District of Colorado and elsewhere, KIZZY KALU, having devised and having intended to devise the aforementioned scheme, and PHILIP LANGERMAN, having aided and abetted such, for the purpose of executing the scheme, did knowingly cause to be

deposited with and cause to be sent delivered by a commercial interstate carrier or by the United States Postal Service, according to the directions thereon, documentation from Adam University on behalf of Sheila I in support of a Form I-129 Petition to the Law Firm, and from there to the United States Department of Homeland Security in California,  in violation of Title 18, Sections 1341 and 2.

## COUNT 17
## Commercial Carrier Fraud

36.     The allegations contained in paragraph 1 are realleged and incorporated by reference herein.

37.     On or about June 3, 2009, within the State and District of Colorado and elsewhere, KIZZY KALU, having devised and having intended to devise the aforementioned scheme, and PHILIP LANGERMAN, having aided and abetted such, for the purpose of executing the scheme, did knowingly deposit and cause to be deposited with and cause to be sent and delivered by a commercial interstate carrier, according to the directions thereon documentation to the United States Department of Homeland Security, a Notice for the Withdrawal of the H-1B Petition on behalf of beneficiary Sheila I by Adam University, in violation of Title 18, United States Code, Sections 1341 and 2.

## COUNT 18
## Commercial Carrier Fraud

38.     The allegations contained in paragraphs 1 are realleged and incorporated by reference herein.

39.     In the Spring of 2008, Philippine national Nenita L contacted KIZZY KALU after viewing the FHPG website by calling him at the telephone number listed on the

website.  KIZZY KALU offered Nenita L employment as a nurse instructor/supervisor with Adam University conditioned upon her successful application for a H-1B visa.

40.     Between on or about April 18 and April 23, 2008, within the State and District of Colorado and elsewhere, KIZZY KALU, having devised and having intended to devise the aforementioned scheme and PHILIP LANGERMAN, having aided and abetted such, for the purpose of executing the scheme, did knowingly cause to be deposited with and cause to be sent and delivered by a commercial interstate carrier, Federal Express, according to the directions thereon a bank draft in the amount of $6,500.00 payable to Foreign Healthcare Professionals Group on behalf of Nenita L in violation of Title 18, United States Code, Sections 1341 and 2.

## COUNT 19
## Mail/Commercial Carrier Fraud

41.     The allegations contained in paragraph 1 are realleged and incorporated by reference herein.

42.     Between on or about June 16 and August 12, 2008, within the State and District of Colorado and elsewhere, KIZZY KALU, having devised and having intended to devise the aforementioned scheme and PHILIP LANGERMAN, having aided and abetted such, for the purpose of executing the scheme, did knowingly cause to be deposited with and cause to be sent and delivered by a commercial interstate carrier or by the United States Postal Service, according to the directions thereon, documentation from Adam University on behalf of Nenita L in support of a Form I-129 Petition to the Law Firm, and from there to the United States Department of Homeland Security in California,  in violation of Title 18, Sections 1341 and 2.

## COUNT 20
### Commercial Carrier Fraud

43.     The allegations contained in paragraph 1 are realleged and incorporated by reference herein.

44.     In the Spring of 2008, Philippine national Emily M contacted KIZZY KALU after viewing the FHPG website by calling him at the telephone number listed on the website.  KIZZY KALU offered Emily M employment as a nurse instructor/supervisor with Adam University conditioned upon her successful application for a H-1B visa.

45.     Between on or about May 9 and May 15, 2008, within the State and District of Colorado and elsewhere, KIZZY KALU, having devised and having intended to devise the aforementioned scheme and PHILIP LANGERMAN, having aided and abetted such, for the purpose of executing the scheme, did knowingly cause to be deposited with and cause to be sent and delivered by a commercial interstate carrier, according to the directions thereon, a bank draft in the amount of $4,680.00 payable to Foreign Healthcare Professionals Group on behalf of Emily M, in violation of Title 18, United States Code, Sections 1341 and 2.

## COUNT 21
### Mail/Commercial Carrier Fraud

46.     The allegations contained in paragraph 1 are realleged and incorporated by reference herein.

47.     Between on or about June 16 and August 12, 2008, within the State and District of Colorado and elsewhere, KIZZY KALU, having devised and having intended to devise the aforementioned scheme and PHILIP LANGERMAN, having aided and abetted such, for the purpose of executing the scheme, did knowingly cause to be

deposited with and cause to be sent and delivered by a commercial interstate carrier or by the United States Postal Service, according to the directions thereon, documentation from Adam University on behalf of Emily M in support of a Form I-129 Petition to the Law Firm, and from there to the United States Department of Homeland Security in California,  in violation of Title 18, Sections 1341 and 2.

## COUNT 22
## Commercial Carrier Fraud

48.     The allegations contained in paragraphs 1 are realleged and incorporated by reference herein.

49.     In the Spring of 2008, Philippine national Paula M contacted KIZZY KALU after viewing the FHPG website by calling him at the telephone number listed on the website.  KIZZY KALU offered Paula M employment as a nurse instructor/supervisor with Adam University conditioned upon her successful application for a H-1B visa.

50.     Between on or about May 13 and May 16, 2008, within the State and District of Colorado and elsewhere, KIZZY KALU, having devised and having intended to devise the aforementioned scheme and PHILIP LANGERMAN, having aided and abetted such, for the purpose of executing the scheme, did knowingly cause to be deposited with and cause to be sent and delivered by a commercial interstate carrier, according to the directions thereon, a bank draft in the amount of $4,680.00 payable to Foreign Healthcare Professionals Group for services to be performed on behalf of Paula M, in violation of Title 18, United States Code, Sections 1341 and 2.

## COUNT 23
## Mail/Commercial Carrier Fraud

51.     The allegations contained in paragraphs 1 and 2 are realleged and

incorporated by reference herein.

52.     Between on or about June 16 and July 30, 2008, within the State and

District of Colorado and elsewhere, KIZZY KALU, having devised and having intended

to devise the aforementioned scheme and PHILIP LANGERMAN, having aided and

abetted such, for the purpose of executing the scheme, did knowingly cause to be

deposited with and cause to be sent and delivered by a commercial interstate carrier or

by the United States Postal Service, according to the directions thereon, documentation

from Adam University on behalf of Paula M in support of a Form I-129 Petition to the

Law Firm, and from there to the United States Department of Homeland Security in

California,  in violation of Title 18, Sections 1341 and 2.

## COUNT 24
## Commercial Carrier Fraud

53.     The allegations contained in paragraph 1 are realleged and incorporated

by reference herein.

54.     In or about March 2008, Philippine national Romeo P contacted KIZZY

KALU after viewing the FHPG website by contacting him via the internet.  KIZZY KALU

offered Romeo P employment as a nurse instructor/supervisor with Adam University

conditioned upon his successful application for a H-1B visa.  Romeo P sent to FHPG

$4,680.00 as a fee for assisting him in obtaining a H-1B visa.

55.     Between on or about June 16 and July 31, 2008, within the State and

District of Colorado and elsewhere, KIZZY KALU, having devised and having intended

to devise the aforementioned scheme and PHILIP LANGERMAN, having aided and abetted such, for the purpose of executing the scheme, did knowingly cause to be deposited with and cause to be sent and delivered by a commercial interstate carrier or by the United States Postal Service, according to the directions thereon, documentation from Adam University on behalf of Romeo P in support of a Form I-129 Petition to the Law Firm, and from there to the United States Department of Homeland Security in California,  in violation of Title 18, United States Code, Sections 1341 and 2.

### COUNT 25
### Mail/Commercial Carrier Fraud

56.     The allegations contained in paragraph 1 are realleged and incorporated by reference herein.

57.     In the Spring of 2008, Philippine national Chulou P contacted KIZZY KALU after viewing the FHPG website by calling him at the telephone number listed on the website.  KIZZY KALU offered Chulou P employment as a nurse instructor/supervisor with Adam University conditioned upon his successful application for a H-1B visa.

58.     Between on or about June 16 and July 30, 2008, within the State and District of Colorado and elsewhere, KIZZY KALU, having devised and having intended to devise the aforementioned scheme and PHILIP LANGERMAN, having aided and abetted such, for the purpose of executing the scheme, did knowingly cause to be deposited with and cause to be sent and delivered by a commercial interstate carrier or by the United States Postal Service, according to the directions thereon, documentation from Adam University on behalf of Chulou P in support of a Form I-129 Petition to the Law Firm, and from there to the United States Department of Homeland Security in California, in violation of  Title 18, United States Code, Sections 1341 and 2.

## COUNT 26
## Mail Fraud

59.     The allegations contained in paragraph 1 are realleged and incorporated by reference herein.

60.     On or about May 21, 2010, within the State and District of Colorado and elsewhere, KIZZY KALU, having devised and having intended to devise the aforementioned scheme and PHILIP LANGERMAN, having aided and abetted such, for the purpose of executing the scheme, did knowingly deposit and cause to be deposited with and cause to be sent and delivered by the United States Postal Service, according to the directions thereon documentation to the United States Department of Homeland Security, a Notice for the Withdrawal of the H-1B Petition on behalf of beneficiary Chulou P by Adam University, in violation of Title 18, United States Code, Sections 1341 and 2.

## COUNT 27
## Commercial Carrier Fraud

61.     The allegations contained in paragraph 1 are realleged and incorporated by reference herein.

62.     In or about March 2008, Philippine national Penelope P contacted KIZZY KALU after viewing the FHPG website by calling him at the telephone number listed on the website.  KIZZY KALU offered Penelope P employment as a nurse instructor/ supervisor with Adam University conditioned upon her successful application for a H-1B visa.

63.     Between on or about May 12 and May 16, 2008, within the State and District of Colorado and elsewhere, KIZZY KALU, having devised and having intended

to devise the aforementioned scheme and PHILIP LANGERMAN, having aided and

abetted such, for the purpose of executing the scheme, did knowingly cause to be

deposited with and cause to be sent and delivered by a commercial interstate carrier,

according to the directions thereon, a bank draft in the amount of $4,680.00, payable to

Foreign Healthcare Professionals Group for services to be performed on behalf of

Penelope P, in violation of Title 18, United States Code, Sections 1341 and 2.

## COUNT 28
## Commercial Carrier Fraud

64.     The allegations contained in paragraph 1 are realleged and incorporated

by reference herein.

65.     Between on or about August 19 and August 22, 2008, within the State and

District of Colorado and elsewhere, KIZZY KALU, having devised and having intended

to devise the aforementioned scheme and PHILIP LANGERMAN, having aided and

abetted such, for the purpose of executing the scheme, did knowingly cause to be

deposited with and cause to be sent and delivered by a commercial interstate carrier,

according to the directions thereon, a bank draft in the amount of $1,820.00, payable to

Foreign Healthcare Professionals Group for services to be performed on behalf of

Penelope P, in violation of Title 18, United States Code, Sections 1341 and 2.

## COUNT 29
## Mail/Commercial Carrier Fraud

66.     The allegations contained in paragraph 1 are realleged and incorporated

by reference herein.

67.     Between on or about June 16 and July 31, 2008, within the State and

District of Colorado and elsewhere, KIZZY KALU, having devised and having intended

to devise the aforementioned scheme and PHILIP LANGERMAN, having aided and abetted such, for the purpose of executing the scheme, did knowingly cause to be deposited with and cause to be sent and delivered by a commercial interstate carrier or by the United States Postal Service, according to the directions thereon, documentation from Adam University on behalf of Penelope P in support of a Form I-129 Petition to the Law Firm, and from there to the United States Department of Homeland Security in California,  in violation of Title 18, Sections 1341 and 2.

## COUNT 30
## Commercial Carrier Fraud

68.     The allegations contained in paragraph 1 are realleged and incorporated by reference herein.

69.     On or about June 4, 2009, within the State and District of Colorado and elsewhere, KIZZY KALU, having devised and having intended to devise the aforementioned scheme and PHILIP LANGERMAN, having aided and abetted such, for the purpose of executing the scheme, did knowingly deposit and cause to be deposited with and cause to be sent and delivered by a commercial interstate carrier according to the directions thereon, documentation to the United States Department of Homeland Security, a Notice for the Withdrawal of the H-1B Petition on behalf of beneficiary Penelope P by Adam University, in violation of Title 18, United States Code, Sections 1341 and 2.

## COUNT 31
## Commercial Carrier Fraud

70.     The allegations contained in paragraph 1 are realleged and incorporated by reference herein.

71.     In the Spring of 2008, Philippine national Maelaurece P contacted KIZZY KALU after viewing the FHPG website by calling him at the telephone number listed on the website.  KIZZY KALU offered Maelaurece P employment as a nurse instructor/ supervisor with Adam University conditioned upon his successful application for a H-1B visa.

72.     Between on or about May 9 and May 16, 2008, within the State and District of Colorado and elsewhere, KIZZY KALU, having devised and having intended to devise the aforementioned scheme and PHILIP LANGERMAN, having aided and abetted such, for the purpose of executing the scheme, did knowingly cause to be deposited with and cause to be sent and delivered by a commercial interstate carrier, according to the directions thereon, a bank draft in the amount of $4,680.00, payable to Foreign Healthcare Professionals Group for services to be performed on behalf of Maelaurece P, in violation of Title 18, United States Code, Sections 1341 and 2.

## COUNT 32
## Commercial Carrier Fraud

73.     The allegations contained in paragraph 1 are realleged and incorporated by reference herein.

74.     Between on or about June 16 and July 31, 2008, within the State and District of Colorado and elsewhere, KIZZY KALU, having devised and having intended to devise the aforementioned scheme and PHILIP LANGERMAN, having aided and abetted such, for the purpose of executing the scheme, did knowingly cause to be deposited with and cause to be sent and delivered by a commercial interstate carrier or by the United States Postal Service, according to the directions thereon, documentation from Adam University on behalf of Maelaurece P in support of a Form I-129 Petition to

the Law Firm, and from there to the United States Department of Homeland Security in

California,  in violation of Title 18, Sections 1341 and 2.

## COUNT 33
## Mail/Commercial Carrier Fraud

75.     The allegations contained in paragraphs 1 are realleged and incorporated

by reference herein.

76.     On or about August 14, 2008, within the State and District of Colorado and

elsewhere, KIZZY KALU, having devised and having intended to devise the

aforementioned scheme, and PHILIP LANGERMAN, having aided and abetted such, for

the purpose of executing the scheme, did knowingly cause to be deposited with and

cause to be sent and delivered by a commercial interstate carrier to "Kizzy Kalu,

Advance Education & Training, 5630 E Wickerdale Ln, Littleton, CO 80130,"

documentation the Law Firm relating to the approval of  Form I-129 Petition on behalf of

Maelaurece P, in violation of Title 18, Sections 1341 and 2.

## COUNT 34
## Mail/Commercial Carrier Fraud

77.     The allegations contained in paragraph 1 are realleged and incorporated

by reference herein.

78.     Between on or about October 29 and November 13, 2008, within the State

and District of Colorado and elsewhere, KIZZY KALU, having devised and having

intended to devise the aforementioned scheme, and PHILIP LANGERMAN, having

aided and abetted such, for the purpose of executing the scheme, did knowingly cause

to be deposited with and cause to be sent and delivered by a commercial interstate

carrier or by the United States Postal Service, according to the directions thereon,

documentation from Adam University on behalf of Froila R in support of a form I-129

Petition to the Law Firm, and from there to the United States Department of Homeland

Security in California, in violation of Title 18, United States Code, Sections 1341 and 2.

## COUNT 35
## Mail Fraud

79.     The allegations contained in paragraph 1 are realleged and incorporated

by reference herein.

80.     On or about February 8, 2010, within the State and District of Colorado

and elsewhere, KIZZY KALU, having devised and having intended to devise the

aforementioned scheme and PHILIP LANGERMAN, having aided and abetted such, for

the purpose of executing the scheme, did knowingly deposit and cause to be deposited

with and cause to be sent and delivered by the United States Postal Service, according

to the directions thereon, documentation to the United States Department of Homeland

Security, a Notice for the Withdrawal of the H-1B Petition on behalf of beneficiary Froila

R by Adam University, in violation of Title 18, United States Code, Sections 1341 and 2.

## COUNT 36
## Commercial Carrier Fraud

81.     The allegations contained in paragraph 1 are realleged and incorporated

by reference herein.

82.     In or about March 2008, Philippine national Galen V contacted KIZZY

KALU after viewing the FHPG website by email.  KIZZY KALU offered Galen V

employment as a nurse instructor/supervisor with Adam University conditioned upon his

successful application for a H-1B visa.

83.     Between on or about October 13 and October 15, 2008, within the State and District of Colorado and elsewhere, KIZZY KALU, having devised and having intended to devise the aforementioned scheme and PHILIP LANGERMAN, having aided and abetted such, for the purpose of executing the scheme, did knowingly cause to be deposited with and cause to be sent and delivered by a commercial interstate carrier, according to the directions thereon, a bank draft in the amount of $10,500.00, payable to Foreign Healthcare Professionals Group for services to be performed on behalf of Galen V, in violation of Title 18, United States Code, Sections 1341 and 2.

## COUNT 37
## Commercial Carrier Fraud

84.     The allegations contained in paragraph 1 are realleged and incorporated by reference herein.

85.     On or about March 25, 2010, within the State and District of Colorado and elsewhere, KIZZY KALU, having devised and having intended to devise the aforementioned scheme and PHILIP LANGERMAN, having aided and abetted such, for the purpose of executing the scheme, did knowingly deposit and cause to be deposited with and cause to be sent and delivered by the United States Postal Service, according to the directions thereon, documentation to the United States Department of Homeland Security, a Notice for the Withdrawal of the H-1B Petition on behalf of beneficiary Galen V by Adam University, in violation of Title 18, United States Code, Sections 1341 and 2.

**COUNT 38**
**Commercial Carrier Fraud**

86.     The allegations contained in paragraph 1 are realleged and incorporated by reference herein.

87.     In the Spring of 2008, Philippine national Phelp V contacted KIZZY KALU by email after viewing the FHPG website.  KIZZY KALU offered Phelp V employment as a nurse instructor/supervisor with Adam University conditioned upon his successful application for a H-1B visa.

88.     Between on or about April 25 and May 2, 2008, within the State and District of Colorado and elsewhere, KIZZY KALU, having devised and having intended to devise the aforementioned scheme and PHILIP LANGERMAN, having aided and abetted such, for the purpose of executing the scheme, did knowingly cause to be deposited with and cause to be sent and delivered by a commercial interstate carrier, according to the directions thereon, a bank draft in the amount of $4,680.00, payable to Foreign Healthcare Professionals Group for services to be performed on behalf of Phelp V, in violation of Title 18, United States Code, Sections 1341 and 2.

**COUNT 39**
**Mail/Commercial Carrier Fraud**

89.     The allegations contained in paragraph 1 are realleged and incorporated by reference herein.

90.     Between on or about June 16 and July 31, 2008, within the State and District of Colorado and elsewhere, KIZZY KALU, having devised and having intended to devise the aforementioned scheme and PHILIP LANGERMAN, having aided and abetted such, for the purpose of executing the scheme, did knowingly cause to be

deposited with and cause to be sent and delivered by a commercial interstate carrier or by the United States Postal Service, according to the directions thereon, documentation from Adam University on behalf of Phelp V in support of a Form I-129 Petition to the Law Firm, and from there to the United States Department of Homeland Security in California, in violation of Title 18, Sections 1341 and 2.

## COUNT 40
## Mail/Commercial Carrier Fraud

91.     The allegations contained in paragraph 1 are realleged and incorporated by reference herein.

92.     In the Fall of 2007, Philippine national Andrea V contacted KIZZY KALU after viewing a website of Advanced Education and Training for Foreign Healthcare Professionals Group (AETFHPG) by emailing him and calling him at the telephone number listed on the website.  After numerous contacts, KIZZY KALU offered Andrea V employment as a clinical nurse practitioner conditioned upon her successful application for a H-1B visa by her anticipated employer, AETFHPG.

93.     Between on or about January 17 and January 22, 2008, within the State and District of Colorado and elsewhere, KIZZY KALU, having devised and having intended to devise the aforementioned scheme, did knowingly cause to be deposited with and cause to be sent and delivered by a commercial interstate carrier or by the United States Postal Service, according to the directions thereon, documentation from AETFHPG on behalf of Andrea V in support of a Form I-129 Petition to the Law Firm, and from there to the United States Department of Homeland Security in California, in violation of Title 18, United States Code, Sections 1341 and 2.

## COUNT 41
## Mail Fraud

94.     The allegations contained in paragraph 1 are realleged and incorporated by reference herein.

95.     On or about May 21, 2010, within the State and District of Colorado and elsewhere, KIZZY KALU, having devised and having intended to devise the aforementioned scheme and PHILIP LANGERMAN, having aided and abetted such, for the purpose of executing the scheme, did knowingly deposit and cause to be deposited with and cause to be sent and delivered by the United States Postal Service, according to the directions thereon, documentation to the United States Department of Homeland Security, a Notice for the Withdrawal of the H-1B Petition on behalf of beneficiary Andrea V by Adam University, in violation of Title 18, United States Code, Sections 1341 and 2.

## COUNT42
## Commercial Carrier Fraud

96.     The allegations contained in paragraphs 1 are realleged and incorporated by reference herein.

97.     On or about August 11, 2008, within the State and District of Colorado and elsewhere, KIZZY KALU, having devised and having intended to devise the aforementioned scheme, and PHILIP LANGERMAN, having aided and abetted such, for the purpose of executing the scheme, did knowingly cause to be deposited with and cause to be sent and delivered by a commercial interstate carrier to "Kizzy Kalu, Advance Education & Training, 5630 E Wickerdale Ln, Littleton, CO 80130,"

documentation from the Law Firm relating to the approval of Form I-129 Petitions, in violation of Title 18, United States Code, Sections 1341 and 2.

**COUNT 43**
**Commercial Carrier Fraud**

98.     The allegations contained in paragraphs 1 are realleged and incorporated by reference herein.

99.     On or about August 27, 2008, within the State and District of Colorado and elsewhere, KIZZY KALU, having devised and having intended to devise the aforementioned scheme, and PHILIP LANGERMAN, having aided and abetted such, for the purpose of executing the scheme, did knowingly cause to be deposited with and cause to be sent and delivered by a commercial interstate carrier to "Kizzy Kalu, Advance Education & Training, 5630 E Wickerdale Ln, Littleton, CO 80130," documentation the Law Firm relating to the approval of Form I-129 Petitions, in violation of Title 18, United States Code, Sections 1341 and 2.

**COUNT 44**
**Mail/Commercial Carrier Fraud**

100.     The allegations contained in paragraphs 1 are realleged and incorporated by reference herein.

101.     On or about September 4, 2008, within the State and District of Colorado and elsewhere, KIZZY KALU, having devised and having intended to devise the aforementioned scheme, and PHILIP LANGERMAN, having aided and abetted such, for the purpose of executing the scheme, did knowingly cause to be deposited with and cause to be sent and delivered by a commercial interstate carrier to "Kizzy Kalu, Advance Education & Training, 5630  E Wickerdale Ln., Littleton, CO 80130,"

documentation from the Law Firm relating to the approval of Form I-129 Petitions,  in violation of Title 18, United States Code, Sections 1341 and 2.

## COUNTS 45 - 60
## Visa Fraud

102.    Between on about the dates set forth below for the corresponding counts, in the State and District of Colorado and elsewhere, PHILIP LANGERMAN did knowingly subscribe as true under penalty of perjury, as permitted under 28 U.S.C. § 1746, false statements with respect to a material facts in an application and other document required by the immigration laws and regulations prescribed thereunder, to wit: a Petition for a Nonimmigrant Worker package[66] (noted below in each corresponding count); and did knowingly present and did aid, abet, command and procure the presentation of such application and other document which contained such materially false statements and which statements materially failed to contain any reasonable basis in law and fact.  Such statements are summarized as follows: (1). That the beneficiary of the H-1B visa petition would be working for Adam University; (2) that Adam University was an institution of higher education; (3) that "Adam University offers undergraduate and graduate degree programs, continuing education, general education and services and activities to enhance the academic and personal development of students."; (4) that "Adam University wishes to hire [the beneficiary] in the specialty occupation of Nurse Instructor/Supervisor for its Continuing Education Program [and false description of duties]; (5) that Adam University was a legitimate non-profit

---

[66]      For the purposes of this indictment the term "Petition for a Nonimmigrant Worker package" means and includes an I-129 Petition, an H Classification Supplement to Form I-129, an H-1B Data Collection and Filing Fee Exemption Supplement, Form ETA 9035E, Labor Condition Application for H-1B & H-1B1 Nonimmigrants and letter in support with attachments from Adam University.

organization; (6) that the rate of pay for the beneficiary would be $72,000/year.

| Count | Dates | Application or Other Document |
|---|---|---|
| **45** | Between on or about June 16, 2008 and August 25, 2008 | Petition for a Nonimmigrant Worker package for Mareinne C |
| **46** | Between on or about October 29 and November 13, 2008 | Petition for a Nonimmigrant Worker package for Gemma F |
| **47** | Between on or about June 16 and August 22, 2008 | Petition for a Nonimmigrant Worker package for Ma Lourdes F. |
| **48** | Between on or about June 16 and August 12, 2008 | Petition for a Nonimmigrant Worker package for Eric G. |
| **49** | Between on or about June 16 and August 12, 2008 | Petition for a Nonimmigrant Worker package for Evelyn H. |
| **50** | Between on or about June 16 and August 12, 2008 | Petition for a Nonimmigrant Worker package for Sheila I. |
| **51** | Between on or about June 16 and August 12, 2008 | Petition for a Nonimmigrant Worker package for Nenita L. |
| **52** | Between on or about June 16 and August 12, 2008 | Petition for a Nonimmigrant Worker package for Emily M. |
| **53** | Between on or about June 16 and July 30, 2008 | Petition for a Nonimmigrant Worker package for Paula M. |
| **54** | Between on or about June 16 and July 31, 2008 | Petition for a Nonimmigrant Worker package for Romeo P. |

| 55 | Between on or about June 16 and July 30, 2008 | Petition for a Nonimmigrant Worker package for Chulou P. |
|----|-----------------------------------------------|----------------------------------------------------------|
| 56 | Between on or about June 16 and July 31, 2008 | Petition for a Nonimmigrant Worker package for Penelope P. |
| 57 | Between on or about June 16 and July 31, 2008 | Petition for a Nonimmigrant Worker package for Maelaurece P. |
| 58 | Between on or about October 29  and November 13, 2008 | Petition for a Nonimmigrant Worker package for Froila R. |
| 59 | Between on or about October 29 and December 29, 2008 | Petition for a Nonimmigrant Worker package for Galen V. |
| 60 | Between on or about June 16 and July 31, 2008 | Petition for a Nonimmigrant Worker package for Phelp V. |

The foregoing was in violation of Title 18, United States Code, Section 1546 and Section 2.

### COUNTS 61 - 78
### Forced Labor

**104.**   Between on about the dates set forth below for the corresponding counts, in the State and District of Colorado and elsewhere, KIZZY KALU and PHILIP LANGERMAN did knowingly provide and obtain the labor and services of the individual victim set forth below in the corresponding counts  (1) by means of threats of serious harm to the victim and to another; (2) by means of the abuse of law, threatened abuse of law and legal process; and (3) by means of a scheme, plan and pattern intended to cause the victim  to believe that if the victim did not perform such labor and services that

the victim or another would suffer serious harm, in violation of Title 18, United States Code, Section 1589(1)(2) and (3), [as amended to be Section 1589(a) (2)(3) and (4) on December 28, 2008] and Section 2.

| Count | Date(s) | Victim |
|-------|---------|--------|
| 61 | June 16, 2008 - February 2009 | Jeson A. |
| 62 | June 16, 2008 and May 26, 2010 | Mareinne C |
| 63 | October 28, 2008 and May 26, 2010 | Gemma F |
| 64 | August 13, 2008 and September 29, 2009 | Ma Lourdes F |
| 65 | September 2008 and October 2009 | Rolando G |
| 66 | July 31, 2008 and April 29, 2010 | Eric G |
| 67 | July 31, 2008 and August 2010 | Evelyn H |
| 68 | July 31, 2008 and June 10, 2009 | Shelia I |
| 69 | October 2008 and September 2009 | Agustus L |
| 70 | July 31, 2008 and April 12, 2010 | Emily M |
| 71 | August 2008 and April 2009 | Sukanya N |
| 72 | July 23, 2008 and November 3, 2009 | Romeo P |
| 73 | January and March 2009 | Analene P |
| 74 | December 2007 and April 2009 | Wassana P |
| 75 | July 23, 2008 and May 26, 2010 | Chulou P |

| 76 | April 1, 2008 and February 17, 2010 | Froila R |
| 77 | October 28, 2008 and March 26, 2010 | Galen V |
| 78 | January 15, 2008 and May 26, 2010 | Andrea V |

## COUNTS 79 - 84
## Attempted Forced Labor

**105.**   Between on about the dates set forth below for the corresponding counts, in the State and District of Colorado and elsewhere, KIZZY KALU and PHILIP LANGERMAN did knowingly attempt to provide and obtain the labor and services of the individual victim set forth below in the corresponding counts  (1) by means of threats of serious harm to the victim and to another; (2) by means of the abuse of law, threatened abuse of law and legal process; and (3) by means of a scheme, plan and pattern intended to cause the victim  to believe that if the victim did not perform such labor and services that the victim or another would suffer serious harm, in violation of United States Code, Title 18, Section 1594(a) and Section 2.

| Count | Date(s) | Victim |
|---|---|---|
| 79 | July 31, 2008 and March 25, 2010 | Mary Ann G |
| 80 | July 31,  and October 24, 2008 | Nenita L |
| 81 | June 16 and October 20, 2008 | Paula M. |
| 82 | July 23, 2008 and June 10, 2009 | Penelope P |
| 83 | June 16, 2008 and October 20, 2008 | Maelaurece P |
| 84 | June 16, 2008 and October 20, 2008 | Phelp V |

**COUNTS 85 - 102**
**Trafficking in Forced Labor**

**106.**   Between on about the dates set forth below for the corresponding counts,

in the State and District of Colorado and elsewhere, KIZZY KALU and PHILIP

LANGERMAN did knowingly recruit and harbor a person, identified below in the

corresponding count, for labor and services, by the means described in paragraph 104

above, and did aid and abet the foregoing, in violation of  Title 18, United States Code,

Section 1590 and Section 2.

| Count | Date(s) | Victim |
|-------|---------|--------|
| 85 | March 2008 and May 26, 2010 | Mareinne C |
| 86 | March 2008 and May 26, 2010 | Gemma F |
| 87 | March 2008 and September 2009 | Ma Lourdes F |
| 88 | March 2008 and April 2010 | Eric G |
| 89 | March 2008 and March 2010 | Mary Ann G |
| 90 | July  2008 and April 2010 | Evelyn H |
| 91 | March 2008 and July 2009 | Shelia I |
| 92 | March 2008 and November 2008 | Nenita L |
| 93 | May 2008 and April 2010 | Emily M |
| 94 | March 2008 and November 2008 | Paula M. |
| 95 | March 2008 and November 2009 | Romeo P |
| 96 | March 2008 and May 2010 | Chulou P |

| 97 | March 2008 and June 2009 | Penelope P |
| 98 | March 2008 and November 2008 | Maelaurece P |
| 99 | March 2008 and February 2010 | Froila R |
| 100 | March 2008 and March 2010 | Galen V |
| 101 | March 2008 and November 2008 | Phelp V |
| 102 | January 2008 and May 2010 | Andrea V |

### COUNTS  103 – 132
### Money Laundering

**107.**   On or about the dates set forth below for the corresponding count, in the State and District of Colorado and elsewhere,  KIZZY KALU and PHILIP LANGERMAN did knowingly conduct, did aid and abet each other in conducting and did command others to conduct a financial transaction, as described below, affecting interstate and foreign commerce, which involved the proceeds of a specified unlawful activity, to wit: violation of Title 18, United States Code, Section 1589, Forced Labor, with the intent to promote the carrying on of specified unlawful activity, Forced Labor, and while such financial transaction was being conducted, knew that the property involved in the

financial  transaction represented the proceeds of some form of unlawful activity.

| Count | Date(s) | Financial Transaction | Amount |
|-------|---------|-----------------------|--------|
| 103 | April 17, 2008 | The deposit of a check from QL-Harmony Pointe Nursing Center LLC DBA Harmony Pointe Nursing Center, LLC into JP Morgan Chase Bank account of FHPG which included payment for services and labor of Froila R. | $4,566.50 |
| 104 | May 6, 2008 | Check from FHPG to Philip Langerman TBD for "H1B" | $1,000.00 |
| 105 | Between June 20 and June 23, 2008 | Check from FHPG to Philip Langerman | $2,000.00 |
| 106 | July 21, 2008 | The deposit of a check from QL-Allison Care Center, LLC into JP Morgan Chase Bank account of FHPG which included payment for services and labor of Eric G. | $4,704.01 |
| 107 | July 28, 2008 | The deposit of a check from B.S.M.C. LLC dba Brookside Inn into JP Morgan Chase Bank account of FHPG which included payment for services and labor of Froila R. and Evelyn H. | $5,753.83 |
| 108 | Between September 11 and 12, 2008 | Check from FHPG  to Philip Langerman | $3,500.00 |
| 109 | Between October 29 and 31, 2008 | Check from FHPG  to Philip Langerman | $3,500.00 |
| 110 | November 5, 2008 | The deposit of a check from Eagle Ridge Operating Company, LLC dba Eagle Ridge of Grand Valley into JP Morgan Chase Bank account of FHPG which included payment for services and labor of Ma Lourdes F. | $2,975.00 |

| 111 | November 26, 2008 | The deposit of a check from Pitman Place, LLC dba Westwind Campus, Pueblo, Colorado into JP Morgan Chase Bank account of FHPG which included payment for services and labor of Chulou P. and Mareinne C. | $9,645.89 |
|---|---|---|---|
| 112 | December 22, 2008 | The deposit of a check from Denver North Care Center into JP Morgan Chase Bank account of FHPG which included payment for services and labor of Eric G. | $1,172.50 |
| 113 | Between December 26 and 29, 2008 | Check from FHPG to Adam University | $3,000.00 |
| 114 | Between December 26 and 29, 2008 | Check from FHPG to TBD Management | $2,000.00 |
| 115 | January 23, 2009 | The deposit of a check from QL-Uptown Health Care Center LLC into JP Morgan Chase Bank account of FHPG which included payment for services and labor of Emily M. and Eric G. | $5,693.98 |
| 116 | January 29, 2009 | Check from FHPG to Adam University | $5,000.00 |
| 117 | March 9, 2009 | The deposit of a check from Minnequa Medicenter into JP Morgan Chase Bank account of FHPG which included payment for services and labor of Sheila I. provided to Sava Senior Care. | $5,954.25 |
| 118 | March 23, 2009 | The deposit of a check from Glen Ayr Health Center into JP Morgan Chase Bank account of FHPG which included payment for services and labor of Evelyn H. | $6,418.18 |
| 119 | March 27, 2009 | Check from FHPG to Adam University | $5,000.00 |

| 120 | August 10, 2009 | The deposit of a check from Pitman Place, LLC dba Westwind Campus, Pueblo, Colorado into JP Morgan Chase Bank account of FHPG which included payment for services and labor of Mareinne C, Gemma F, Chulou P, Sweet Dawn C, and Romeo P. | $19,107.42 |
| --- | --- | --- | --- |
| 121 | August 15, 2009 | The deposit of a check from Evelyn H. into JP Morgan Chase Bank account of FHPG which was payment to FHPG for the labor and services provided by Evelyn H. to Lakewood Meridian Retirement Community. | $280.00 |
| 122 | September 4, 2009 | The deposit of a check from QL-Allison Care Center, LLC into JP Morgan Chase Bank account of FHPG which included payment for services and labor of Andrea V and Emily M. | $10,599.23 |
| 123 | November 20, 2009 | The deposit of a check from Evelyn Hu into JP Morgan Chase Bank account of FHPG which was payment to FHPG for the labor and services provided by Evelyn H to Lakewood Meridian Retirement Community and Autumn Heights Health Care. | $600.00 |
| 124 | December 2, 2009 | The deposit of a check from Galen V into JP Morgan Chase Bank account of FHPG which was payment to FHPG for the labor and services provided by Galen V to Autumn Heights Health Care | $243.75 |
| 125 | December 22, 2009 | The deposit of a check from Emily M into JP Morgan Chase Bank account of FHPG which was payment to FHPG for the labor and services provided by Emily M. | $600.00 |
| 126 | February 23, 2010 | The deposit of a check from Emily M into JP Morgan Chase Bank account of FHPG which was payment to FHPG for the labor and services provided by Emily M. | $1,200.00 |

| 127 | March 1, 2010 | The deposit of a check from Andrea V into the Chase Bank account of FHPG which was payment to FHPG for the labor and services provided by Andrea V. | $600.00 |
| --- | --- | --- | --- |
| 128 | March 10, 2010 | The deposit of a check from Pitman Place, LLC dba Westwind Campus, Pueblo, Colorado into JP Morgan Chase Bank account of FHPG which included payment for services and labor of Gemma F and Mareinne C. | $5,691.98 |
| 129 | April 27, 2010 | The deposit of a check from Mareinne C. into JP Morgan Chase Bank account of FHPG which was payment to FHPG for the labor and services provided by Mareinne C. | $400.00 |
| 130 | April 27, 2010 | The deposit of a check from Chulou P into JP Morgan Chase Bank account of FHPG which was payment to FHPG for the labor and services provided by Chulou P. | $400.00 |
| 131 | April 29, 2010 | The deposit of a check from Evelyn H into JP Morgan Chase Bank account of FHPG which was payment to FHPG for the labor and services provided by Evelyn H. | $1,200.00 |
| 132 | April 30, 2010 | The deposit of a check from Gemma F into JP Morgan Chase Bank account of FHPG which was payment to FHPG for the labor and services provided by Gemma F. | $400.00 |

All in violation of Title 18, United States Code, Section 1956(a)(1)(A)(i) and Section 2.

## Forfeiture Allegations

108.   Upon conviction of one or more of the offenses alleged in Counts 1 through 39 and 41 through 44,  involving violations of Title 18, United States Code, Sections §§ 1341 and 2, defendants KIZZY KALU and PHILIP LANGERMAN, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any and all of the defendants' right, title and interest in all property constituting and derived from proceeds traceable to the commission of such offense or offenses, including but not limited to a money judgment in the amount of the proceeds obtained from the offense or offenses for which the defendants are jointly and severally liable.

109.   Upon conviction of the offense alleged in Count 40, involving a violation of Title 18, United States Code, Sections §§ 1341 and 2, defendant KIZZY KALU, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any and all of the defendant's right, title and interest in all property constituting and derived from proceeds traceable to the commission of such offense, including but not limited to a money judgment in the amount of the proceeds obtained from the offense.

110.   Upon conviction of the offenses alleged in Counts 45-61, involving violations of Title 18, United States Code, Sections §§ 1546 and 2, defendant PHILIP LANGERMAN, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(6)(A)(ii)(I), any and all of the defendant's right, title and interest in all property constituting and derived from or is traceable to the proceeds obtained directly and indirectly from the commission of such offense or offenses, including but not

limited to a money judgment in the amount of the proceeds obtained from the offense or offenses.

111.    Upon conviction of the offenses alleged in Counts 62-103, involving violations of Title 18, United States Code, Sections §§ 1589, 1590, and 2, defendants KIZZY KALU and PHILIP LANGERMAN, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 1594(d)(2), any and all of the defendants' right, title and interest in all property constituting and derived from any proceeds that such person(s) obtained directly and indirectly from the commission of such offense or offenses, including but not limited to a money judgment in the amount of the proceeds obtained from the offense or offenses for which the defendants are jointly and severally liable.

112.    Upon conviction of the offenses alleged in Counts 104-133, involving violations of Title 18, United States Code, Sections §§ 1956 and 2, defendants KIZZY KALU and PHILIP LANGERMAN, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), any and all of the defendants' right, title and interest in all property involved in or traceable to property involved in such offense or offenses, including but not limited to a money judgment in the amount of the proceeds obtained from such offense or offenses for which the defendants are jointly and severally liable.

113.    If any of the property described above, as a result of any act or omission of the defendants:

> a)    cannot be located upon the exercise of due diligence;
> 
> b)    has been transferred or sold to, or deposited with, a third party;
> 
> c)    has been placed beyond the jurisdiction of the Court;

           d)      has been substantially diminished in value; or

    e)    has been commingled with other property which
cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section

853(p), to seek forfeiture of any other property of said defendants up to the value of the

forfeitable property.

A TRUE BILL:


Ink signature on file in the clerk's Office
FOREPERSON


JOHN F. WALSH
United States Attorney


by:  s/Robert Brown
ROBERT BROWN
Assistant United States Attorney


by:  s/Lillian Alves
LILLIAN ALVES
Special Assistant United States Attorney


United States Attorney's Office
1225 17th Street, Suite 700
Denver, Colorado 80202
Telephone: (303) 454-0100
Telecopier: (303) 454-0403
E-mail: Robert.Brown5@usdoj.gov
        Lillian.Alves@usdoj.gov

Attorneys for the United States