**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Criminal Case No. 12-cr-00106-MSK

**UNITED STATES OF AMERICA,**

   **Plaintiff,**

v.

**1. KIZZY KALU,**

   **Defendant.**

---

**TRIAL BRIEF:
ADVICE OF COUNSEL AS A DEFENSE**

---

The United States, through the undersigned, hereby submits this brief in support of the proposition that the jury should not be provided with an instruction regarding the advice of counsel defense. Based on the applicable law and the facts of the case, the advice of counsel defense appears to be unavailable to the defendant in this case.

The United States Court of Appeals for the Tenth Circuit has established a high standard to meet such a defense. "The elements of such a defense require a showing of 1) a request for advice of counsel on the legality of a proposed action, 2) full disclosure of the relevant facts to counsel, 3) receipt of advice from counsel that the action to be taken will be legal, and 4) reliance in good faith on counsel's advice." *C.E. Carlson Inc. v. SEC*, 859 F.2d 1429, 1436 (10th Cir. 1988); *see also United States v. Wenger*, 427 F.3d 840, 853-54 (10th Cir. 2005).

Furthermore, in the context of an award of attorney's fees in a trademark infringement case, the Tenth Circuit held that a defendant must provide evidence of

what advice was provided, rather than a bald statement that the defendant relied on it. *See Takecare Corp. v. Takecare of Oklahoma, Inc.,* 889 F.2d 955, 957-58 (10th Cir. 1989). Furthermore, a defendant cannot selectively invoke attorney-client privilege to prevent full examination of the advice he was given. "The attorney-client privilege cannot be used as both a sword and a shield." *Sedillos v. Board of Ed.*, 313 F. Supp. 2d 1091, 1093 (D. Colo. 2004) (citing *United States v. Workman*, 138 F.3d 1261, 1264 (8th Cir. 1998), for the propositions that raising advice of counsel waives privilege and permits prosecution inquiry into all aspects of the advice.)

The Tenth Circuit has characterized the advice of counsel defense as an affirmative defense. *See United States v. Gonzales*, 58 F.3d 506 (10th Cir. 1995). A defendant certainly does *not* have to prove an affirmative defense beyond a reasonable doubt. However, as the Tenth Circuit held, "the law does place *some* burden on the defendant to prove such a defense." *See id.* at 512. To receive an instruction about a recognized defense, there must be evidence sufficient for a reasonable juror to find in his favor. *See Mathews v. United States*, 485 U.S. 58 (1988) (addressing the standard in the context of the entrapment defense, rather than the advice of counsel defense); *see also United States v. Bailey*, 444 U.S. 394, 415-16 (1980). For a defendant to receive an instruction on his theory of the case, "the theory must be supported by some evidence and the law." *See United States v. Haney*, 318 F.3d 1161 (10th Cir. 2003).

Based on the evidence in the case, no reasonable juror could find that the defendant presented the full facts to his counsel. At trial, the government sought to show the defendant's immigration attorney evidence of the true facts to inquire as to whether the defendant had provided the information to her. The defendant objected

2

based on Rule 702 grounds, and the objection was sustained.  Although the government was not able to show the true facts to the attorney to assess whether the defendant had shown such facts to her, the government presented overwhelming evidence through other witnesses that the defendant provided her with false information and incomplete information.

Although not informed by a copy of the transcript, the government believes the attorney testified that she had not seen employment contracts, for instance.  Many of the defendant's emails with his attorney were admitted.  The defendant did not in those emails or the others provided in discovery tell his attorney that the nurses would not have positions waiting for them in the United States.  He did not share that the nurses would go around to facilities applying to be registered nurses, licensed nurse practitioners, or certified nursing assistants.  He did not advise her that the nurses would have an interim period without work.  He did not advise her of the "formula" for the number of hours the nurses would need to work to make the salary listed on the visa petitions and Labor Condition Applications.  He did not advise her that Adam University had a single employee, as shown in the admitted Colorado Department of Labor records.  Instead, he advised her that Adam University had around 80 employees—an issue material to whether the employer was H-1B dependent with heightened obligations.  He advised her that he posted the LCAs at jobsites that were not jobsites.  He did not advise her that he went to facilities with promotional materials mentioning the availability of nurses—standard registered nurses.  He did not advise her that Pilpa would be applying for work as a certified nursing assistant.  He did not advise her that there were no students of Adam University that would interact with or be mentored by

3

Villanueva, Noopim, or Pengsiri. The list of omissions is substantial and not all are recited here.

In addition to the omission of facts, the government established that the defendant affirmatively provided false information to his attorney. The most glaring falsehood relates to the employees of Adam University. The attorney received false information from the defendant about Mary Rutherford, Nicole Kalu, and Karthy Miller. None worked in the stated positions for Adam University. Rutherford's degree, position, salary, and duties are false. Miller fairly clearly does not exist. The government also established that Adam University's contract with Teikyo Loretto Heights had been severed on October 1, 2008. None of the defendant's emails, admitted or provided in discovery, reflect that he advised his attorney that the contract was severed.

No reasonable juror would conclude that the defendant has met any of the prongs that the Tenth Circuit requires to establish an advice of counsel defense. Setting aside argument on the other prongs, the defendant is unable to show he provided full disclosure of the facts to his counsel. None of the 25,000 records provided by the law firm in response to the defendant's subpoena reflect that he told the full and true facts. As a result, the government submits the defendant be precluded from arguing an advice of counsel defense via jury instructions. The government will separately brief the good faith defense instruction.

        Respectfully submitted,

        JOHN F. WALSH  
        United States Attorney

        By:  s/Beth N. Gibson

Beth Gibson
Robert Brown
Attorneys for the United States
United States Attorney's Office
1225 17th Street, Suite 700
Denver, Colorado 80202
Telephone: (303) 454-0100
Telecopier: (303) 454-0403
E-mail: Robert.Brown5@usdoj.gov
Beth.Gibson@usdoj.gov

CERTIFICATE OF SERVICE

      I hereby certify that on June 20, 2013, I electronically filed the foregoing **TRIAL BRIEF: ADVICE OF COUNSEL AS A DEFENSE** with the Clerk of the Court using the CM/ECF system which will send notice of the filing to the following e-mail addresses:

**Arthur S. Nieto**: arthurnieto@qwestoffice.net

**Kirkland Leonard Brush**: kbrush@kirkbrush.com, kathy@kirkbrush.com

**Peter D. Menges**: pmenges@mengeslaw.com

**Michael James Sheehan**: michael.sheehan.esq@gmail.com

      s/Amanda Doyle
AMANDA DOYLE
Legal Assistant
U.S. Attorney's Office
1225 17th Street, Suite 700
Denver, CO 80202
Phone: 303-454-0100
Fax: 303-454-0406
E-mail address:
amanda.doyle2@usdoj.gov